```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CARLOS ORTIZ,                                                  :
                                                               :
                              Petitioner,                      :   **ORDER GRANTING PETITION**
           v.                                                  :   **FOR HABEAS CORPUS**
                                                               :
UNITED STATES OF AMERICA,                                      :   16 Cr. 233 (AKH)
                                                               :   20 Civ. 460 (AKH)
                              Respondent.                      :
-------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

On October 21, 2016, Petitioner Carlos Ortiz pled guilty to two of the four charges in his four-count Indictment: (1) conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(b)(1) ("Count One"); and (2) possessing a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c) ("Count Four"). *See* ECF No. 10 (Indictment); ECF No. 27 (Plea Transcript). Ortiz was also charged with one count of attempting to commit Hobbs Act robbery and another count of conspiring to distribute narcotics, but he did not plead guilty to either of those counts. *See* ECF No. 27, at 3:5-9 (government clarifying that Ortiz was pleading to "just [Counts] One and Four of the indictment"). Now before me is Ortiz's petition, filed on January 16, 2020 pursuant to 28 U.S.C. § 2255, in which Ortiz seeks to vacate his conviction on Count Four for possession of a firearm in furtherance of a crime of violence, on the ground that conspiracy to commit Hobbs Act robbery is not a "crime of violence." *See* ECF No. 103.

The petition is granted. On November 1, 2019, I granted a substantively identical petition filed by Ortiz's co-defendant, Angel Velasquez. *See* ECF No. 95. There, I noted that, *inter alia*, per recent Supreme Court and Second Circuit decisions, conspiracy to commit Hobbs Act robbery is no longer a valid "crime of violence" predicate for purposes of section 924(c). I found that Velasquez's plea allocution—Velasquez, like Ortiz, allocated only to his conspiracy to commit Hobbs Act robbery and possession of a firearm in furtherance of that conspiracy—did

not substantiate any predicate for the section 924(c) violation other than conspiracy to commit Hobbs Act robbery. Thus, I vacated that Velasquez's section 924(c) conviction.

So too here.[1] Ortiz's plea allocution lacks support for a section 924(c) predicate offense other than the conspiracy to commit Hobbs Act robbery to which he pled. Accordingly, and for all the reasons set forth in my order as to Velasquez, *see* ECF No. 95.[2] The Clerk is directed to close out the open motion (ECF No. 103).

SO ORDERED.

Dated: March 24, 2020 _____/s/_____
New York, New York ALVIN K. HELLERSTEIN
United States District Judge

---

[1] I note that this case, like several other similar habeas motions upon which this Court has recently ruled, involves a defendant who did *not* plead guilty to any charged count capable of supporting a section 924(c) charge. *See, e.g., Camacho v. United States*, 17-cv-5199, ECF No. 13, at 1-2; *Roman v. United States,* 16-cv-4829, ECF No. 12, at 1-2*; Jimenez v. United States,* 16-cv-4653, ECF No. 6, at 1-2. This, among other things, distinguishes this case from *Simmons v. United States*, 16-cv-4797, ECF No. 15, in which the defendant had pleaded guilty to *both* an adequate *and* an inadequate section 924(c) predicate. Here, the focus of the allocution was exclusively upon conspiracy. *See, e.g.,* 16-cr-233, ECF No. 27, at 9:22-25 ("The Court: Count Four alleges that you possessed a firearm during and in relation to . . . the Hobbs Act robbery that was the object of the *conspiracy*.") (emphasis added); *id*. at 14:15-19 ("As to Count Four, the government would have to prove two elements beyond a reasonable doubt: First, the defendant committed a crime of violence for which he could be prosecuted in a court of the United States. That would be satisfied by the Hobbs Act robbery conspiracy conviction."); *id*. at 16-19 (discussing "plan[ning]" and "agreement").

[2] Ortiz is eligible for early release. He was sentenced on June 28, 2017 to (1) 30 months on Count 1; and (2) 60 months on Count 4, running consecutively. Ortiz has been detained since January 2016. This order vacates his conviction on Count 4. Thus, all told, Ortiz has now been in detention for approximately 38 months on Count 1, the only valid conviction remaining.